UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWIN N. HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01305-JPH-MG |
| | ) |
| MARION COUNTY SHERIFF, | ) |
| KERRY FORESTAL, | ) |
| CORRECT CARE SOLUTIONS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Edwin Holmes was formerly incarcerated at the Marion County Jail. He filed this civil action alleging that he was attacked by other inmates and suffered injuries due to the defendants' negligence. The Court now screens Mr. Holmes' complaint pursuant to its inherent authority. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Holmes makes the following allegations. On January 26, 2023, he was severely beaten by other inmates at the Marion County Jail. His injuries required extensive medical treatment. The defendants were responsible for supervising inmates. Their negligence led to his injuries.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed. First, Mr. Holmes' claim is understood to be brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Mr. Holmes' failure to protect claim against the defendants is **dismissed** because the complaint does not create a reasonable inference that the

defendants were personally involved in failing to protect him from the alleged assault by other inmates. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (cleaned up).

The allegation that the defendants had supervisory responsibility at the Jail is insufficient to plead a claim under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (wardens are not liable under § 1983 merely by virtue of their supervisory positions); *but cf. Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (warden could be individually liable for prisoner's conditions of confinement claim where he had actual knowledge of unusually harsh weather conditions and had been told that the plaintiff's window would not shut); *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (warden was personally liable for cell conditions where he "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed."). The complaint does not allege that the defendants knew that any inmates had threatened him or were going to attack him.

To the extent that Mr. Holmes is understood to assert state law claims against the defendants, this Court does not have jurisdiction over such claims. "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331–32). Because the parties

are not citizens of different states, *see* § 1332(a)(1), diversity jurisdiction does not apply.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal. Nothing in this Order prevents Mr. Holmes from filing a claim against the defendants in state court, if appropriate.

### IV. Opportunity to Show Cause

Mr. Holmes' complaint must be dismissed for the reasons set forth above. He shall have **through October 20, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis,* 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 10/2/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EDWIN N. HOLMES
6311 Shelbyville Rd.
Indianapolis, IN 46237